Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARIEL PEREZ, <br><br> Plaintiff, <br><br> v. <br><br> PORTFOLIO RECOVERY ASSOCIATES, LLC, a limited liability company; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: **'17CV1238 CAB BGS** <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1.   This is an action for damages brought by an individual consumer against Defendants for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq*. ("Rosenthal Act") which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

//
//

## II.  JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.  Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III.  PARTIES

3.  Plaintiff ARIEL PEREZ is a natural person residing in the state of California, County of San Diego.

4.  Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant") at all times relevant was a limited liability company in the business of collecting debts in San Diego County, California operating from an address at 120 Corporate Boulevard, Norfolk, Virginia 23502.

5.  Defendants are engaged in the collection of debts from consumers using the mail and telephone.  Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6) and by the Rosenthal Act, California Civil Code §1788.2(c).

6.  The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sues these Defendants by such fictitious names.  Plaintiffs are informed and believe, and allege that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiffs.  Plaintiffs request that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

8. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

9. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code §1788.2(h).

10. The purported debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

## IV.  FACTUAL ALLEGATIONS

11. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

12. At a time unknown, Defendant Portfolio Recovery Associates, LLC acquired information regarding an alleged debt (the "Debt") that Plaintiff had incurred.

13. Plaintiff disputed the Debt with Defendant and requested all collection activities to cease.

14. Defendant sent Plaintiff a response to the dispute by claiming that the balance of the Debt was $0 and would close the account.

15. At the same time Defendant also sent Plaintiff a letter in an attempt to collect the Debt by stating that the balance of the Debt was $792.33 and that the account was valid.

16. Defendant then called Plaintiff in an attempt to collect the Debt thereafter.

17. Plaintiff requested all calls to cease.

18. Defendant ignored Plaintiff's request and continued to call him on multiple occasions.

19. As a result of the acts alleged above, Plaintiff suffered emotional distress.

//
//
//

## V.  FIRST CLAIM FOR RELIEF

### (Against all Defendants for Violation of the FDCPA)

20. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

21. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

   (a) The Defendants violated 15 U.S.C. § 1692c(c) by contacting the Plaintiff after the Plaintiff had notified the debt collector in writing that the Plaintiff refuses to pay the debt and/or that the Plaintiff wishes the debt collector to cease further communication;

   (b) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

   (c) The Defendants violated 15 U.S.C. § 1692e(2)(A) by giving the false impression of the character, amount, or legal status of the alleged debt;

   (d) The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

   (e) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt; and

   (f) The Defendants violated 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law.

22. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

//
//

## VI.  SECOND CLAIM FOR RELIEF

(**Against all Defendants for Violation of the Rosenthal Act**)

23. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

24. Defendants violated the Rosenthal Act, by including but not limited to, the following:

    (a) The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above.

25. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

26. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

27. Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

    (a) Actual damages;

    (b) Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(b);

    (c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(c);

    (d) Punitive damages; and

    (e) For such other and further relief as the Court may deem just and proper.

Date:  June 19, 2017

                                            _____s/ Jeremy S. Golden_____
                                            Jeremy S. Golden,
                                            Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.

Date: June 19, 2017

                                  _____s/ Jeremy S. Golden_____
                                  Jeremy S. Golden,
                                  Attorney for Plaintiff